This is a suit for damages for personal injuries received by plaintiff when he fell into a ravine near defendant's depot or station at Columbia, Louisiana, on the night of April 9, 1939.
Plaintiff boarded defendant's train at Monroe, Louisiana, as a paid passenger, at about the hour of 10:30 on the night of April 9, 1939. His destination was Columbia, Louisiana. When the train arrived there, after 11 o'clock at night, it was brought to a stop and plaintiff alighted at the depot or station. The train left immediately. There were no lights on or about the depot and the night was very dark. The Town of Columbia is some distance east of the railroad station and is on the level, alluvial land adjoining the Ouachita River. The railroad station is located on a high hill which towers above the town and it is in the corporate limits of the town.
There is only one passageway from the depot to the business section of Columbia, which passageway is a public, graveled road which crosses defendant's railroad track 129 feet south of the station, then winds along the side of the hill down to the town.
The depot is situated east of the main line of the railroad. There is a side track which makes off from the main line some distance south of the depot and runs north, passing east of it. This places the depot between the main line and the side track, the latter being several feet lower than the main line.
In front of the depot, and extending a short distance south of it, an embankment has been thrown up bringing it to about a level with the main line tracks. This embankment is covered with cinders and is used as a platform for the use of passengers in boarding and alighting from the train. At the south end of the embankment, as shown by the pictures in evidence, there is a road which runs east across the side track, then turns south at almost a right angle between the side track and a deep ravine. It continues in a southerly direction for some distance then turns east and winds on into the town. One leaving the depot and following this road across the side track and continuing straight ahead instead of turning at right angles, will soon find himself in this deep ravine. This is exactly what plaintiff did on the night of April 9, 1939. The place in the ravine where plaintiff fell is 24 feet east of the side track and 106 feet from the nearest corner of the depot building. On this corner there is a socket for an electric bulb, but no bulb was in it. The station was wired for the use of electric bulbs.
The record discloses that the night was very dark and that plaintiff was not familiar with the location, never having used the railroad in visiting Columbia and this particular night was his first time to be in the locality of defendant's railroad station.
The record further discloses that defendant has no recorded title to any of the property on which the station is located or the surrounding grounds.
Plaintiff's charges of negligence against defendant are that it failed to furnish lights to guide patrons in going to and from its station and that it failed to place a barrier across the ravine to prevent passengers in going to and from the station from falling into said ravine. *Page 695 
The only act of negligence charged that is meritorious is the failure to provide lights on and around the station, and we are of the opinion this charge is well sustained and that defendant was negligent in not having its station lighted sufficiently to allow passengers alighting from its trains to find their way from the station safely. It was not the duty of defendant to furnish lights sufficient to show the whole way to town, but it certainly owed the duty to its patrons to furnish sufficient lights to allow them to find their way to the road or passageway leading to the town. An average size electric light globe placed in the socket on the southeast corner of the depot building, if lighted, would have been sufficient to allow plaintiff to see the turn in the road on the night of the accident. Defendant evidently recognized this fact when it wired the station and placed the socket on that corner.
Defendant contends and established as a fact that Columbia was not a regular stop for its passenger trains, but was only a side stop. It urged this fact as a reason for not having the station lighted. The argument is not sound in law. Defendant sold tickets to Columbia and whenever it had a passenger for that destination, its trains stopped for him to alight, as it did on the night plaintiff was injured. It owed the same duty in respect to lights about the depot and grounds to one passenger the same as it did to many passengers. Defendant had to anticipate there would be passengers alighting as well as boarding the trains there and it was bound to have the premises lighted on all said occasions. Its failure to do so was negligence and that negligence caused the accident and injury to plaintiff.
The railroad company is liable in damages.
The facts in this case conclusively show to our minds that the failure to have the premises lighted on the night of April 9, 1939, at the time plaintiff alighted from the train was the cause of plaintiff's falling into the ravine and injuring himself.
Plaintiff testified that he went to Columbia on the night in question to get his mother-in-law to go home with him to nurse his sick wife. He knew the Town of Columbia was east of the railroad station and that he was making an effort to get there. It is not disputed that the night was unusually dark. He states he could not see the road and in his efforts to find or follow the road, he stepped off into the ravine which was from 10 to 14 feet deep. His story in that respect is not unusual for it is common knowledge that some persons having good eyesight can see much better in the dark than others, in fact, some with perfectly normal eyesight in the daytime are as blind at night as an owl is in the daytime. Plaintiff could not be expected to remain in the station all night as it was closed and not even the waiting room open.
Defendant urges the plea of contributory negligence as a bar to plaintiff's recovery and alleges that he was intoxicated and said intoxication was the cause of his accident and his failure to find the road leading from the station to town. There is much evidence in the record on this question. An old darkey who lives nearby and heard plaintiff's cries for help when he was in the ravine, went to his rescue and assisted him out of the ravine and got him started on the right road to town. He testified that plaintiff was complaining of having hurt his back. He did not smell any whiskey at all about plaintiff.
A number of witnesses testified that they saw plaintiff that night and early the next morning, but only one was willing to testify that he thought plaintiff was intoxicated. Most of them told of strange things he did and of his peculiar actions and sayings, however, no one smelled any liquor about him and the general run of the testimony is that he acted, — to use some of their own language — "goofy". He was not staggering that night nor the next morning about daylight when some witnesses saw and conversed with him.
Plaintiff may have been somewhat "goofy" a long time before the accident, for all we know. There is no testimony to the contrary. His testimony on the trial of this case in many respects indicates that he might be "goofy", if we understand the meaning of that word, but that does not detract from the fact that he fell into the ravine due to the absence of lights at defendant's railway station.
The burden of proof is upon defendant to establish the allegations of contributory negligence which are that plaintiff was intoxicated. We are unable to hold under the testimony that he was. We are sure he had taken a drink of wine and possibly took some more wine the next morning, but it did not appear to interfere with his getting about without staggering or otherwise interfere with his movements on foot. On the night of the accident after the old *Page 696 
darkey had directed him to the right road, he apparently had no trouble in keeping it until he had reached the town, although the deep ravine follows on the side of the road for quite some distance.
We are forced under our findings to overrule the plea of contributory negligence.
The medical testimony convinces us that plaintiff injured his back when he fell into the ravine, causing a slight slipping of the fifth vertebra and that this injury totally incapacitated him from performing his regular work for about six months; that since that time his disability to perform his regular work as an automobile mechanic is only about 15% and that this disability is not permanent. We feel safe in finding his earnings prior to the accident to have been from $50 to $75 per month. The pain and suffering he endured was not sufficiently severe and his doctor's bill was only $50.
We feel sure an award of $1,250 will fully compensate plaintiff for his injuries and loss of time, including pain and suffering.
It therefore follows that the judgment of the lower court is reversed and there is now judgment for plaintiff against defendant in the full sum of $1,250, with legal interest from judicial demand until paid and for all costs.
 On Rehearing.
In our former opinion in this case, we stated that plaintiff found the road leading from the depot to the business part of the town and followed it across the side track and to where it made an abrupt right turn and that, due to the darkness, he continued straight ahead instead of making the turn, and walked into the ravine. We were in error in stating this as a fact. The true facts are that plaintiff never found the road leading from the depot and that when he left the station trying to locate the road leading to the town, he walked into the ravine.
We are of the opinion that the facts in this case call for a different rule from one which applies to flag stops where there is no town or railroad station.
The Town of Columbia is the parish seat of Caldwell Parish and is not a mere village. There is a regular depot with waiting rooms and freight house and all the facilities for lighting the station were in place. It is our opinion that it was the duty of the Railroad Company to have sufficient lights burning on or about the station to have allowed plaintiff to find the road leading from the depot to the business portion of the town.
With this correction, the former judgment of this court is now reinstated and made the final judgment. All costs to be paid by the defendant.